IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCELLA L. TROUT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-01198-X |
| | § | |
| TENET HEALTHSYSTEM MEDICAL, INC. | § | |
| | § | |
| Defendant. | § | |

## SECOND AMENDED COMPLAINT

Plaintiff Marcella L. Trout, for her Second Amended Complaint against Defendant Tenet HealthSystem Medical, Inc., would show as follows:

### Parties

1. Plaintiff is a female.

2. Defendant may be served through counsel of record.

### Jurisdiction and Venue

3. Jurisdiction on Plaintiff's federal law claims is conferred on this Court by 28 U.S.C. 1331 based on her claim under the Equal Pay Act, 29 U.S.C. § 206(d).

4. Venue for all causes of action is appropriate in this District and Division because all of the events and omissions giving rise to Plaintiff's claims made in this Complaint took place within this District and Division pursuant to 28 U.S.C. 1391.

SECOND AMENDED COMPLAINT – Page 1

Facts

5. Plaintiff was employed by Defendant or a predecessor-in-interest from September 2010 through February 2021. Plaintiff holds a registered nurse diploma, a bachelor's degree, and also a master's degree in healthcare administration.

6. Defendant is a medical facility operator which, during the period of Plaintiff's employment, operating up to 300 facilities, including a substantial number of ambulatory surgery centers ("ACSs").

7. As of May 2018, Plaintiff was employed by Defendant as a vice-president of operations in Houston, Texas, Plaintiff's salary was approximately $~~200,000~~ 203,510 per year, with a bonus opportunity of approximately 30% of her salary.

8. In October 2018, Plaintiff was given the opportunity to take a new assignment for Defendant which would allow her to transfer from Houston, Texas to Dallas, Texas. She did so.

9. In October 2018 and March 2019, Plaintiff asked for a raise and was denied.

10. In March 2019, Defendant hired Nicholas Crafts to replace Plaintiff as regional vice-president of operations in Houston, Texas but agreed to pay him a salary of $285,000 and a guaranteed bonus, not merely contingent bonus, of ~~30~~5%. He was not assigned greater responsibilities than Plaintiff but actually less. Among other things, he did not have responsibilities for the Memorial Hermann clinical quality report as Plaintiff had. Those duties were assigned to another regional vice president who was also a nurse.

11. In December 2019, Defendant finally offered Plaintiff a raise, but to an amount less than Crafts, $245,000 as compared to $300,000.

12. Plaintiff had superior qualifications for a vice-president of operations position with Defendant before and after October 2018, in that Plaintiff successfully managed operations

of multiple United Surgical Partners, Inc. ("USPI") facilities, including many ASCs, before and after it was required by Defendant in July 2015, and otherwise successfully managed operations of medical facilities during her prior employment. Crafts had no ~~experience with ACSs or even other~~ multi-facility management experience prior to his employment with Defendant. Finally, Crafts was, unlike Plaintiff, not a nurse and so lacked any clinical background.

13. After USPI was acquired by Defendant, a number of male subordinates of Plaintiff were paid higher salaries and bonuses than her, and her salary and bonus was not equalized with theirs.

14. Defendant's failure to pay Plaintiff as much as Crafts constituted a continuing violation of the Equal Pay Act, and Defendant, in bringing about the difference in pay between Plaintiff and Crafts, Defendant was not merely negligent, but knew or acted in reckless disregard whether the failure to pay Plaintiff as much as Crafts was in violation of the Equal Pay Act.

Claims

15. For cause of action, Plaintiff would show that Defendant willfully violated the Equal Pay Act in failing to accord her equal pay on the basis of sex in violation of the Equal Pay Act by discriminating between ~~sex~~ Plaintiff and Crafts on the basis of sex by paying wages less than to him, and thereby paying one or more employees at its establishment at a rate less than the rate at which it pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. Defendant cannot show that Plaintiff was not paid less than Crafts based to no extent on her sex. There is also no basis for a defense to liability for Defendant on Plaintiff's claims based on (1) an actual bona fide seniority system based on length of employment ,(2) an actual merit system constituting a structured procedure in which

employees are evaluated objectively or on a consistently applied subjective basis at regular intervals according to predetermined criteria such as efficiency, accuracy and ability, (3) an actual system which measures earnings by quantity of production not adopted with discriminatory intent, based on predetermined criteria communicated to employees and applied consistently to employees of both sexes, or (4) a gender-neutral factor, other than sex, related to job requirements or beneficial to the employer's business, used reasonably in light of its stated business purpose as well as its other practices. Any proferred reason for any wage disparity between Crafts and Plaintiff other than sex does not explain it. Plaintiff is accordingly entitled to recover her actual damages, liquidated damages, attorney's fees, prejudgment interest and costs of court.

16. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays that she be granted all relief to which she is entitled.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No.08158100
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 969-9099 - Telephone
(214) 953-0133 - Facsimile

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

      I hereby certify that the following document was served on the following counsel of record on this August 12, 2021 through the Electronic Filing System of this Court and by first-class mail:

Melissa Goodman
Haynes & Boone
2323 Victoria Avenue
Suite 700
Dallas, Texas 75219

                                                /s/Robert E. Goodman, Jr.
                                                Robert E. Goodman, Jr.